BROWN v. CRUMPTON. (No. 875.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 11, 1915. Rehearing Denied Jan. 12, 1916.)

JUDGMENT 🖘721 — CONCLUSIVENESS — MATTERS CONCLUDED.

Defendant and others contracted with plaintiff's assignor to pay him $50,000 if he secured construction of a railroad through the county. Plaintiff's assignor contracted with the railroad company whereby in consideration of $50,000 it undertook to build the railroad. For the purpose of securing payment of the bonus a number of citizens who guaranteed payment to the railroad company organized a subcommittee, which took into their possession notes that had already been executed, holding them as trustees for the guaranty committee. These notes had already been given to secure payment to plaintiff's assignor of the amount promised. The railroad was built, and, suit being brought by the railroad company against the guarantors, it was agreed that the company should return the contract in consideration of the guarantors procuring judgment in favor of the railroad company in a suit pending against it by plaintiff's assignor. The notes held by the guaranty committee, among which was one executed by defendant, were then indorsed over to plaintiff and duly assigned. *Held,* that the judgment in favor of the guarantors was not an adjudication against defendant's liability on his note.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1238, 1252; Dec. Dig. 🖘721.]

Appeal from Dawson County Court; George W. Foster, Judge.

Action by C. E. Brown against J. S. Crumpton. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

G. E. Lockhart, of Tahoka, and Ferguson & Puckett, of Lubbock, for appellant. J. S. Crumpton, of New Boston, for appellee.

HUFF, C. J. This suit was instituted by Brown, as assignee on a note executed by Crumpton for $300 to T. J. O'Donnell, and transferred by O'Donnell down to Brown. The answer admits the execution of the note, and alleges that the consideration therefor was to aid the citizens of Dawson county to raise $50,000 as an inducement to the Santa Fé Railroad Company to construct and operate a railroad into Lamesa; that 25 citizens, one of whom was Crumpton, executed a written guaranty for said amount; that the notes of the subscribers, of which the note sued on was one, were delivered to Mit Aiken, J. F. Barron, and R. E. Simpson, as trustees for collection and to compensate or secure the guarantors for such payment as might be required in excess of their respective subscriptions, and appellee denied the authority of the trustees to transfer the notes to O'Donnell. It was also alleged that the Santa Fé had instituted a suit against the guarantors for the sum guaranteed by them, and that the suit was settled by a compromise judgment, it is alleged, the effect of which was to cancel the note sued on and all others. The judgment attached to the answer simply shows a suit by the railroad company against the guarantors and that there was an agreement between the parties thereto to dismiss the same, which appears to have been done upon the consideration that the then condition of the people of Dawson county was such that it was not the desire of the railway company to force collection on the contract, and it was agreed to return the contract sued on to the guarantors, etc. The judgment also shows that T. J. O'Donnell had a suit then pending in the district court of Nolan county against the Pecos & North Texas Railway Company, and that the defendant guarantors had agreed to procure a judgment to be entered in said cause in Nolan county in favor of the railway company therein, and that the

plaintiff, O'Donnell, therein should take nothing against the railway company.

The appellant herein, plaintiff below, replied by supplemental petition that during the year 1909 the citizens of Lamesa and Dawson counties entered into a contract with T. J. O'Donnell, in which they obligated themselves to pay O'Donnell $50,000 in the event he procured the construction of the road by the time specified therein, and that O'Donnell entered into a contract with the railway company for the consideration of $50,000 in which the road undertook to build the railway as agreed by him with the citizens, and for the purpose of securing said sum about 29 citizens guaranteed the payment of said sum and organized a subcommittee, composed of Mit Aiken, J. F. Barron, and R. E. Simpson, who were to take the notes in their possession which had already been executed and hold the same as trustees for the guaranty committee; and the plaintiff further denied that any contract was ever made except that the defendant was to pay the full amount of the note. It is substantially alleged that the railroad sued the guaranty committee in Dawson county, and O'Donnell sued the railroad in Nolan county; that the guaranty committee in the suit and by the judgment agreed to obtain a discharge of the railroad in the Nolan county suit from the claim of O'Donnell; that that case was dismissed upon an agreement that all the notes, together with the one sued on, should be delivered to O'Donnell by the subcommittee in consideration of the release of the guaranty committee on their contract, and the note sued on was so transferred. The judgment agreement in the Nolan county suit is not set up by the answer. The judgment set up in this case as res adjudicata is not an adjudication of appellee's liability on the note sued on, but only the adjudication of the liability of the guarantors on the guaranty contract. Gaines v. Brown, 177 S. W. 220. The note had been executed to procure the road. The road, so far as the pleadings show, was constructed according to contract. The guarantors were no longer liable on the guaranty contract by reason of the judgments rendered in Dawson and Nolan counties, and hence the purpose of holding the notes in trust to secure the guarantors in their undertaking was no longer required, and they agreed, according to the allegations, to return the notes to O'Donnell, the payee therein, who thereby became the owner and holder thereof. The trial court in this case was not warranted in sustaining a general demurrer rendering judgment as upon confession as to the truth of the allegations alleged in the answer. The supplemental petition of appellant was in its nature a confession and avoidance, which, if true, gave appellant a right of recovery upon the note.

The case will be reversed and remanded.